UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA WISNASKY, FKA<br>SHEILA MACK<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND<br>CONSUMER SOLUTIONS,<br>INC.<br>　　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No._____ |

## COMPLAINT

Plaintiff Sheila Wisnasky fka Sheila Mack ("Plaintiff") files this Complaint against Defendant Financial Business and Consumer Solutions, Inc., ("Defendant" or "FBCS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and in support thereof, states as follows:

## INTRODUCTION

1.　　The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to personal bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.　　Plaintiff, by her attorneys, brings this action to challenge the actions of Defendant with regards to its attempts to unlawfully and abusively collect a debt alleged owed by Plaintiff, which conduct caused Plaintiff actual damages, including out-of-pocket damages and severe emotional distress.

3. Plaintiff makes these allegations on information and belief, except for those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While the Complaint describes violations with specificity below, this Complaint alleges violations of the FDCPA in its entirety.

5. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain reasonable procedures adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

7. All violations alleged regarding the Fair Debt Collection Practices Act are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION & VENUE

8. This case arises out of Defendant's numerous and egregious violations of the FDCPA, 15 U.S.C. § 1692, *et seq*. Subject matter jurisdiction of this Court exists under 28 U.S.C. § 1331.

9. Personal jurisdiction is established because Defendant has a headquarters and/or principal place of business in the state of Pennsylvania.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) for the following reasons: (i) the conduct complained of herein occurred within this judicial district; (ii) at all times relevant, Defendant conducted business within this judicial district; and (iii) Defendant resides in Hatboro, Pennsylvania and within this judicial district.

## PARTIES

11. Plaintiff is a natural person who resides in Springfield, Illinois, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and

owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is, and at all times mentioned herein was, a corporation registered and formed under the laws of the State of Pennsylvania with a primary place of business and/or headquarters located at: 330 S. Warminster Rd. Suite 353 Hatboro, Pennsylvania 19040. Plaintiff further alleges that, at all relevant times, Defendant conducted business within the state of Pennsylvania and in this Judicial District.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is a natural person residing within the State of Illinois.

16. At all times relevant, Defendant conducted business in the State of Pennsylvania.

17. Sometime before May 2021, Plaintiff allegedly incurred financial obligations to an original creditor, Capital One, N.A., that were money, property, or their equivalent, (the "Debt") which were due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

18. Sometime thereafter but before May 2021, Plaintiff allegedly fell behind on the payments owed on the Debt.

19. Afterwards, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in attempt to collect upon the Debt.

3

Complaint and Demand for Jury Trial                                                                         Sheila Wisnasky v. FBCS, Inc.

20. On or around May 7, 2021, Defendant sent Plaintiff a letter via mail attempting to collect the Debt.

21. Concerned by Defendant's collection letter, on or around June 16, 2021, Plaintiff sent a letter to Defendant via fax disputing the Debt, demanding validation, verification and proof of the Debt which Defendant claimed was owed by Plaintiff (the "Dispute"), which was confirmed received by Defendant.

22. Despite Plaintiff sending the Dispute via fax to Defendant and Defendant receiving the Dispute, Defendant decided to move forward with collection attempts against Plaintiff without validating the alleged Debt.

23. Specifically, on or around June 18, 2021, without providing Plaintiff the requested validation, verification, or proof of the Debt, Defendant sent a letter to Plaintiff via mail, offering payment options and requested the first payment on July 19, 2021.

24. Additionally, on or around August 2, 2021, without providing Plaintiff with the requested validation, verification, and/or proof of the Debt, Defendant sent Plaintiff another letter via mail attempting to collect on the Debt and offered more payment options, requesting the first payment by August 31, 2021.

25. Defendant never provided Plaintiff with the requested validation, verification and proof of the Debt, and has failed to provide a response to Plaintiff's Dispute.

26. The abovementioned collection letters from Defendant were each a "communication(s)" as 15 U.S.C. § 1692a(2) defines that term.

27. Through the above conduct, Defendant violated 15 U.S.C § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff.

28. Through the above conduct, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), by continuing its attempts to collect upon the alleged debt from Plaintiff without providing Plaintiff with validation, verification, and/or proof of the Debt.

29. Through the above conduct, Defendant violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt.

4

Complaint and Demand for Jury Trial                                                     Sheila Wisnasky v. FBCS, Inc.

30. Through the above conduct, Defendant violated 15 U.S.C. § 1692g(b) by continuing with repeated attempts to collect upon the alleged debt from Plaintiff without providing Plaintiff with validation, verification, and/or proof of the Debt and disregarding Plaintiff's Dispute.

31. Through all the above-described conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Specifically, Defendant has violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692f, and 1692g(b) of the FDCPA.

32. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiff has suffered mental anguish by way of stress, frustration, anxiousness, and was misled and confused by Defendant's continued collection attempts and communications to Plaintiff.

33. Due to Defendant's ongoing violations of law, Plaintiff was required to bring this action to finally resolve Plaintiff's disputes and ensure safeguards are put in place to protect Plaintiff from future unlawful debt collection practices and harassment.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692, et seq.

34. Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of the Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

36. As a result of each, and every violation of the FDCPA, Plaintiff is entitled to any actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing and willful violation in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3). from Defendant.

///

5

Complaint and Demand for Jury Trial                                                                 Sheila Wisnasky v. FBCS, Inc.

## DEMAND FOR JURY TRIAL

37.     Please take notice that Plaintiff hereby demands a trial by jury on any and all triable issues arising from Plaintiff's complaint, pursuant to Rule 38(c) of the Federal Rules of Civil Procedure.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, as follows:

- Finding that Defendant's conduct violated 15 U.S.C. §§ 1692, et seq. and an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant.
- Granting an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant.
- Granting an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.
- Awarding any and all other relief that this Court deems just and proper.

Dated: July 17, 2022                                                     Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Amy Ginsburg
   Amy Ginsburg, Esq.
   amy@kazlg.com
   245 Fischer Ave., Suite D1
   Costa Mesa, CA 92626
   Telephone: (214) 880-6362
   Fax: (800) 635-6425

   1012 N. Bethlehem Pike
   Suite 103, Box #9
   Ambler, PA 19002

   *Attorney for Plaintiff*